JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| COZETTE HANICH, | Case No.: SACV 15-00557-CJC(RNBx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| CITIMORTGAGE, INC., | |
| Defendant. | |

**I. INTRODUCTION & BACKGROUND**

Plaintiff Cozette Hanich ("Plaintiff") brings this action against Defendant CitiMortgage, Inc. ("Defendant"). According to the Complaint, in January 2005, Plaintiff obtained a loan (the "Mortgage Loan") from Pacific Community Mortgage, Inc. in the amount of $512,000.00, secured by a Deed of Trust recorded against the property at

12842 Adams Street, Garden Grove, California, 92845 (the "Subject Property"). (Dkt. No. 1-1 ["Compl."] ¶¶ 2, 12.) The Complaint alleges that Defendant currently services the Mortgage Loan. (Compl. ¶ 14.) Plaintiff further alleges that the Mortgage Loan was a predatory adjustable rate mortgage loan that periodically adjusted, and that she fulfilled each term of the agreement of the Mortgage Loan. (Compl. ¶¶ 12–13.) In 2010, however, Plaintiff allegedly suffered severe economic hardship and unsuccessfully attempted to obtain a loan modification from Defendant. (Compl. ¶¶ 16–17.) Plaintiff alleges that Defendant lost her loan modification application, made unreliable offers to assist while simultaneously initiating foreclosure proceedings on the Subject Property, and failed to adequately review the financial information provided by Plaintiff, and refused to apply the correct financial information in evaluating a possible modification. (Compl. ¶ 17.) Plaintiff also asserts that an unspecified employee at CitiMortgage assured her that the Mortgage Loan would be modified. (Compl. ¶ 18.) In light of these allegations, Plaintiff seeks damages by bringing the following cause of actions: (1) violations of California Civil Code Section 2923.6; (2) breach of the covenant of good faith and fair dealing; (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) promissory estoppel. (*See* Compl.) Before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.)

//
//
//
//
//
//
//

Plaintiff did not oppose Defendant's motion.[1]  For the following reasons, Defendant's motion is GRANTED.[2]

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[1] As a preliminary matter, the Court makes note of Local Rule 7-12 of the Central District of California, which addresses a party's failure to file required papers. It states:

> The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Local Rule 7-12. Accordingly, the Court could grant Defendant's motion on this ground alone.  In any event, the Court now will address the merits of Defendant's motion instead of relying solely on Plaintiff's procedural default.

[2] Having read and considered the papers presented by Defendant, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 29, 2015 at 1:30 p.m. is hereby vacated and off calendar.


does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**III.  ANALYSIS**

    **A.  Violations of California Civil Code Section 2923.6**

Plaintiff's first cause of action alleges that Defendant violated California Civil Code section 2923.6 because Defendant failed to modify the Mortgage Loan. (Compl. ¶¶ 19–24.)  Section 2923.6 imposes no affirmative obligation on a lender to offer a loan modification.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010). Rather, "it merely expresses the hope that lenders will offer loan modifications on certain terms."  *Id*.  Plaintiff therefore has failed to state a claim under section 2923.6, and her claim is DISMISSED.

    **B.  Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant breached its implied duty of good faith and fair dealing when it did not modify Plaintiff's loan.  (Compl. ¶¶ 25–32.)  Every contract contains an implied covenant of good faith and fair dealing "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958).  "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of

the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010). "The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (emphasis in original); *see Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992). Plaintiff here does not allege that Defendants breached any express contractual terms, and therefore, Plaintiff lacks a contractual basis for her claim. Accordingly, Plaintiff's breach of the implied covenant of good faith and fair dealing claim against Defendant is DISMISSED.

**C. Violations of UCL**

Plaintiff's third cause of action is for violations of the UCL. The UCL creates a cause of action for "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. Each "prong" of the UCL provides a separate theory of liability. *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiff brings claims under each prong.

The "unlawful" prong of the UCL borrows violations from other statutes or common-law causes of action and refers to "anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992). It appears that Plaintiff's UCL claims for unlawful acts are premised on her other alleged claims. (Compl. ¶ 37.) As explained in this Order, those claims fail; therefore so do their derivative UCL claims.

Plaintiff also alleges that Defendant committed UCL violations by falsely informing Plaintiff to fall behind or withhold mortgage payments in order to qualify for a

mortgage modification and suppling Plaintiff with incorrect mortgage documents. (Compl. ¶ 36.) A UCL claim that is premised on fraud must satisfy Federal Rule of Civil Procedure 9(b)'s requirement that the circumstances of the fraud be pleaded with particularity, including the "who, what, when, where and how" of the misrepresentations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff has not met this standard. Other than very general allegations, the Complaint contains no facts regarding who furnished the false information, when and where they were made, or why they were deceitful. Accordingly, Plaintiff has not sufficiently pleaded her fraud claims under this prong of the UCL.

Finally, Plaintiff alleges that Defendant's conduct was generally unfair because Plaintiff was denied a loan modification. (Compl. ¶¶ 38–39.) California courts have applied three different standards and have found that a business act or practice is unfair: (1) where the predicate public policy is "tethered to specific constitutional, statutory, or regulatory provisions"; (2) where the conduct "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim"; or (3) where the consumer injury is substantial, not outweighed by any countervailing benefits to consumers or competition, and one that consumers themselves could not reasonably have avoided. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).

Plaintiff's conclusory allegations are insufficient to show that Defendant's conduct was "unfair" under any of the three standards applied by California courts. Plaintiff does not meet the first test, because she fails to sufficiently allege violations predicated on any specific constitutional, statutory, or regulatory provisions. Likewise, the Court cannot conclude from the conclusory allegations in the Complaint whether any of Defendant's

actions rose to a level of immoral, unethical, oppressive, unscrupulous, or substantially injurious conduct under the second test. In fact, as discussed above, Defendant was under no legal obligation to grant Plaintiff a loan modification. Finally, for the same reasons, Plaintiff has failed to show that the consumer injury is "substantial" under the third test. Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL claim.

### D. Promissory Estoppel

Under Plaintiff's fourth cause of action, she asserts that Defendant made representations that it would modify her loan. Plaintiff alleges that an unspecified person at CitiMortgage promised to modify Plaintiff's loan if she completed an application for a loan modification and made monthly payments. (Compl. ¶ 43.) Plaintiff alleges she relied on Defendant's promise by completing the application rather than pursuing alternative measures to avoid a potential foreclosure sale, such as filing for bankruptcy or possibly refinancing or selling the Subject Property. (Compl. ¶ 44.) Plaintiff further alleges that Defendant promised to suspend all pending foreclosure proceedings until an analysis under the Home Affordable Modification Program ("HAMP") was complete for all homeowners, including Plaintiff. (Compl. ¶ 46.) In order to state a claim for promissory estoppel, plaintiffs must allege (1) a promise that is clear and unambiguous in its terms, (2) that they relied on the promise, (3) that their reliance was both reasonable and foreseeable, and (4) that they were injured by the reliance. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011) (quoting *Advanced Choices, Inc. v. State Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1672 (2010)). The promise cannot be vague, general, or of indeterminate application. *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 446 (9th Cir. 1992). It also "must be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Glen Holly Entm't*

*Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1017 (9th Cir. 2003), *amended by* 352 F.3d 367 (9th Cir. 2003) (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).  Plaintiff's promissory estoppel claim fails because she has failed to sufficiently establish a clear and unambiguous promise by Defendant.  Plaintiff has not alleged who made the promise to her and what the terms were with regard to a loan modification.  Nor has Plaintiff sufficiently identified a clear and unambiguous promise made by Defendant regarding a HAMP modification.   Thus, the Court GRANTS Defendant's motion to dismiss Plaintiff's promissory estoppel claim.

**IV.  CONCLUSION**

Accordingly, all of Plaintiff's claims suffer from deficiencies and she has not provided any factual bases suggesting that she can, or even has the desire to, cure the deficiencies in the Complaint.  Therefore, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE.

DATED:    June 24, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE